The second case on the agenda today is number 130127, People of the State of Illinois v. Cecil Smart. Counsel for the appellant, are you prepared to proceed? Good morning, Your Honors. Counsel, and may it please the Court, I am Assistant Attorney General Lauren Schneider representing the people of Illinois. This case presents this Court with the opportunity to reaffirm long-standing common law principles regarding the admissibility of other acts evidence. To put it succinctly, other acts evidence is admissible when, one, it is relevant to proving specific intent as an element of the charged crime, and two, when its probative value is not substantially outweighed by an unfair prejudicial effect. The appellate court below and defendant here focus the admissibility analysis on whether the defendant affirmatively put his intent at issue. But this is wrong for several reasons. First, a defendant necessarily puts his intent at issue when he pleads not guilty to a specific intent crime. Second, defendant's argument wrongly focuses the admissibility analysis on whether a piece of evidence is necessary, but this distracts the analysis from its proper focus, which is the relevancy of a piece of evidence to a fact of consequence to the case's outcome. And third, defendant's approach ignores that the rules of evidence already place appropriate safeguards around the introduction of unfairly prejudicial evidence. So to the first point, intent is always at issue in a specific intent crime regardless of the defense strategy. The prosecution bears the burden of proving every element beyond a reasonable doubt, and it is entitled to prove its case by evidence of its own choice, as this court recognized in People v. Walker and the U.S. Supreme Court acknowledged in Olchee v. United States. A not guilty plea puts all aspects of the charge in issue, as this court held in Wright, and that's true even if a defendant does not affirmatively challenge a particular element. In Henderson, this court held that a defendant cannot stipulate away a piece of evidence, or excuse me, cannot stipulate away an element of the charges in order to avoid the introduction of any piece of evidence relevant to that element. And this court also held in People v. Heard that a defendant cannot remove intent from the case through his defense strategy. And while Heard concerned a general intent crime, the same is true for a specific intent crime, especially because intent will always be at issue as an element in a specific intent crime, because when a defendant pleads not guilty to a crime in which his specific intent is an element of the charges, it does not matter what defense he plans to raise at trial. Indeed, he need not raise any defense to put his intent at issue. The prosecution – So in this instance, what did the jury instruction – what would the jury instruction say as far as if this were before a jury, and they had to determine that the state has shown certain elements? What are the elements that would be included in the instruction? Yes, Your Honor, and as Your Honor acknowledges, this was a plenched trial, but in a jury trial. The elements of this case aggravated criminal sexual abuse. The elements by an act of sexual conduct versus sexual penetration. Count one was by an act of sexual penetration, which is not a specific intent crime. Count two and count three were by an act of sexual conduct, which includes the element of for the purpose – that the defendant committed the act for the purpose of sexual gratification or arousal of the defendant or the victim. And in this case, I believe the indictment on count two left both of those options open for the sexual gratification or arousal of defendant or victim. And so the jury instructions would have included those elements of the crime here. Defendant argued that – and the appellate court held below – that when a defendant categorically denies the charged act entirely, it's simply unnecessary for the prosecution to offer evidence of defendant's intent. So such evidence would be per se inadmissible. But this makes no sense. Intent remains an element of the charged crime. Whether the defendant contests intent or simply remains silent on intent or actions, the prosecution must prove both that the defendant committed the act, the act of sexual conduct, and that he did so with the requisite intent for the purpose of sexual gratification or arousal. Counsel, how was the evidence used in this case? The evidence that was admitted before trial, it was admitted in a pretrial motion in limine, one of the three proffered acts. It was used in the cross-examination of the defense witness, primarily defendant himself, who chose to testify in his own defense. But wasn't it used to rebut character evidence presented by the defendant and it was rebuttal evidence? It was used in both ways. It was brought up in cross-examination as well as rebuttal. The rebuttal argument, it was stipulated in rebuttal that if called to testify, that somebody would explain the reasons for defendant's dismissal from his work, which included the other act that was admitted here, as well as in the closing arguments. First, in the state's closing argument, there was barely one mention made of the other act's evidence. In the closing defense argument, defense counsel pointed to the character witness who had testified for defendant and testified that, in his opinion, he had a reputation for chastity and morality in the workplace, which then opened the door on rebuttal closing to the state, arguing that the other acts that were discussed showed that there is a pattern of evidence that contradicts that reputation for chastity and morality. But once the defendant proffers a witness who testifies about his ability, that he has a reputation in the workplace for chastity and morality, isn't the state permitted to rebut that evidence? Yes, Your Honor. And that's precisely what you did. So it would make it admissible at that point in time, correct? Yes, Your Honor. It is alternative. It was also admissible once the evidence opened the door at trial, when defendant opened the door to his own reputation. Did you put that evidence? Did the state put that evidence in in its direct case? In its direct case, no, because the challenge was that the other acts' evidence was not admissible when the state moved to admit it in the pretrial motion, and that was how the case analyzed the issue from below. So you didn't use the evidence until the defendant placed his character in evidence. That is how it played out at trial, yes. However, had the state chosen to introduce that evidence in its case in chief, that would have been permitted under the court's pretrial ruling. Help me understand that. We understand it was a bench trial, so we don't have the jury instructions that would have set out all of that. I thought the defendant's testimony was as to the events themselves and as his denial as to what took place, correct? That was the majority of the defendant's testimony, was denying that the events took place. And so this evidence was brought in to impeach him? It was brought in when it came in. The defendant was asked about why he was fired from his job, and at that point defendant provided quite a bit of detail as to the incident that constituted the other evidence here. And so it was, I believe, used to impeach him as well as demonstrate that because he previously had touched another teenage boy inappropriately for the purpose of sexual gratification or arousal, that in this charged instance the intent would have been the same. So it was substantive evidence as to the intent in this crime, correct? It was admissible to prove intent in this crime, yes. So that's one of the – the appellate court below focused the analysis on whether the evidence was necessary to prove the state's case, and there has been a split that has developed within the Illinois appellate courts as to when other acts' evidence is admissible to prove intent if the defendant does not challenge intent directly, if he simply denies the charged acts. And because this split has persisted regardless of this court's clear instructions and heard that the defense strategy does not dictate what evidence the prosecution is entitled to use to prove its case, it is still important that this court rule on the rule that the appellate court developed, which we believe is incorrect. Additionally, another important aspect of that ruling was the defendant's approach below argues that if the admission of other acts' evidence, unless it is strictly confined to those instances where the defendant puts intent at issue or contests intent or brings up evidence that maybe his actions were accidental or there was some sort of incidental touching, that defendants would be unfairly prejudiced by a flood of other acts' evidence that will inappropriately influence the fact finder. But the fears of this are misguided because the Illinois rules of evidence already includes appropriate safeguards to guard against the unfair prejudicial effects. So Rule 404B itself is already quite a bit more inclusive than defendant acknowledges. So when the court had to rule on the other acts' evidence, it was ruling on 404B evidence before it knew exactly how the testimony would play out at trial, exactly who would testify to what. The rule recognizes that normally propensity evidence is excluded because it may be unfairly prejudicial when only relevant to prove that a defendant has a bad moral character and that because of this bad moral character, he more likely committed crimes and deserves punishment. But the rule allows the introduction of the evidence when it's offered for any other purpose, when it's relevant to any other purpose except for proving a defendant's action in conformity with a character trait. The rule includes a non-exhaustive list of permissible purposes, including to prove a defendant's intent. And because intent, again, is a fact of consequence to the determination of the action in a specific intent crime, intent will be relevant. So the admissibility analysis in that pretrial stage when the court has to make a decision should focus first on its relevancy to a non-propensity purpose. And then Rule 403 provides an additional safeguard to ensure that the evidence is the danger of unfair prejudicial effect or other 403 considerations, such as confusion of the issues or a waste of time or creating some sort of trial within a trial that would distract from the charges. Rule 403 requires the courts to engage in a very careful balancing test as to the probative value of the Crawford evidence gauged against the danger of substantial unfair prejudice. And we know that the circuit court, when it was making its pretrial ruling, engaged in this balancing carefully because the state proffered three different pieces of other acts evidence. And the court determined, after listening to argument on each of the individual pieces of evidence, decided that two of the three cases, the danger of unfair prejudice, did outweigh the probative value of that evidence. So the court was mindful of, given what it knew at that time of what evidence was going to be coming in, it understood that it had to balance the prejudicial effect versus the probative value. I'm trying to hear, counsel. It says in your contention that it's admissible because the touching of the buttocks is evidence of intent for sexual gratification. Yes, that it tends to prove. But in this instance, with the victim being over the age of 13, does the touching of buttocks qualify as an act in furtherance of sexual gratification? So because the victim was over 13, it did not meet the statutory exception as to a particular type of sexual crime. That particular other act. However, under the common law still, that prior act, the court, when the court was considering the motion, the information in the motion stated that when defendant arrived and was taking that other teenage boy home, who I believe was 14, to drop him off, he started holding that teenager's hand, touched his leg, squeezed his buttocks, and told the victim, your butt is soft. So from what the court had before it about that other event, one can infer, as the court understandably did, that it could be perceived as sexual behavior demonstrating the intent to get sexual gratification from touching an underage person. So for those reasons, the court... And here, the standard of the reviewing court would be that that was a completely unreasonable determination to make, that the court abused its discretion when it admitted that piece of evidence, which, you know, whether any given judge, I think it's fair to say, might view that differently, but it was not completely unreasonable that the court in that instance believed that that conduct, as described in the motion itself, could be construed as sexual, and therefore indicated, as was argued in the motion hearing, that the defendant had the intent to engage in sexual conduct with an underage minor, particularly one who he also met through his workplace and had spent time alone around. So defendant here argues that in this case, the fact that the victim of the charged crime itself, J.P., that his testimony demonstrated that the other act's evidence was not necessary, but while it's true that J.P.'s very credible and much corroborated testimony did prove that the defendant acted for the purpose of sexual gratification or arousal, that does not retrospectively render the other act's evidence inadmissible. If anything, it was merely cumulative of what had been already proven in the full context of the trial, but it was not unreasonable for the court to admit it, particularly ruling prior to trial. Second, the probative value of the other act's evidence was not substantially outweighed by unfair prejudicial effect, and prejudicial effect here that we're worried about is the undue tendency for the decision maker to make the decision based on an improper basis such as inflamed emotions or bias or hatred or horror at what the defendant had done in the past and believe that the defendant is therefore deserving of punishment. So the other act here of slapping the buttocks of another teenage boy is very unlikely to elicit such feelings and to lead the fact finder to render a verdict on an improper basis. For this reason, we would say also if this court were to hold on any basis that the evidence were inadmissible, which we believe it was, but it should still hold that that error was harmless under the proper standard. I'll emphasize again this was a bench trial, and so the court is presumed to know the law and to decide the law based on the proper reasons rather than allowing bias or inflamed emotions to prejudice the decision. And I will leave the final points for rebuttal. Thank you. Thank you. Good morning, Your Honors. My name is Kara Curland on behalf of the appellee, Mr. Cecil Smart. May it please the court. Throughout the course of this case, the state has offered various justifications for the admission of the prior act at issue. At trial, it offered a laundry list of common law purposes, and it argued that the other act was admissible to prove propensity. All of those theories were wrong. So the state abandoned them on appeal and only argued that the other act was admissible to prove Mr. Smart's general intent to commit the crime. But that theory failed, too. Recognizing that each of these theories is legally indefensible, the state now urges this court to diverge from precedent it laid down 20 years ago in People v. Wilson and hold that intent is always at issue in specific intent cases. As applied here, the state argues that it was proper to admit prejudicial other act evidence to prove that a blatantly sexual act was done with sexual intent. Now, there are many reasons why this court should reject the state's proposed rule. But before I get into them, I do want to set some of the facts straight because I think they got a little bit muddled in the state's argument. Justice Neville, you were asking specifically about how this other act was used during the trial. This other act was not used to prove specific intent, and we know that because after the state's case in chief, which did not involve the other act at issue at all, the defense motioned for a directive verdict, and it was denied. And the court said that at that point the state had met its burden. So we know at that point specific intent had been proved without the use of other act evidence. The state recognized this critical flaw in their theory, so in their reply brief, they shifted their theory again to argue that this other act was actually used to rebut good character evidence. And just to clarify, it was not Mr. Smart testifying about his own good character evidence. The witness at trial was Robert Muzikowski. He was the one that testified about the good character evidence. But specific acts cannot be used to rebut good character evidence. The law on that is clear. This court has determined that for decades. Now I want to go back to why this court should reject the state's proposed rule. Well, in fact, it already has in People v. Wilson. The Wilson defendant was accused of the same specific intent offense as Mr. Smart, criminal sexual abuse, and he denied committing the crime, so he claimed that intent was not at issue and that other acts were not admissible to prove his intent. But this court did not end the analysis there. Instead, this court examined the trial evidence to see whether intent was genuinely at issue in order to determine whether the other acts were admissible to prove that purpose. And the evidence in Wilson showed that though the defendant first denied any physical contact, the victims testified that the contact was subtle and defense counsel explained in his opening that the touching may have been accidental. So under these circumstances, the court concluded that intent was a genuine issue and the prior acts were properly admitted to prove this purpose. Wilson's case by case approach puts an end to the state's argument that the appellate courts ruling below gives all of the power to the defendant to control or limit the prior act evidence simply by denying culpability. And that is because Wilson requires the trial court to consider the trial evidence and the arguments of both parties, not just a defendant's denial when determining whether intent is actually at issue or is actually a material issue in a case. Here, the appellate court relied heavily on Wilson when examining the trial evidence and correctly concluded that intent was not at issue in this case. This court should adhere to the case by case approach that it developed in Wilson. This court also shouldn't follow the state's proposed rule because it violates rule 404B, which bars propensity evidence. When intent is genuinely at issue, like when a defendant claims accident or mistake, the other act is used to prove intent by negating the claim of accident or mistake. The other acts show that the more often the same thing happens intentionally, the less likely it is to happen by accident. But when intent is not at issue in a case, like in this very case, the other act's connection to intent can only be established through propensity. So, for example, the state here argues that the other act at issue, and I'm going to quote from page 8 of the state's reply brief, the other act, quote, would be relevant to show that the charged act was more likely done with the same intent as the former. In other words, because Mr. Smart had the intent before, he had it again. This is the exact chain of reasoning that is barred by rule 404B. This is a propensity argument. The state's approach, which would admit prior act evidence in virtually every specific intent case, even when intent is not truly at issue, violates rule 404B and opens the door to propensity evidence. Here, the appellate court faithfully abided by rule 404B when determining that intent was not at issue in this case, and there is just no reason to deviate from that opinion. So, even if this court agrees with the state's proposal, this evidence also still would have been more prejudicial than probative, and that's because, as I stated before, the other act's evidence was not used to provide good character evidence. It was used to prove propensity, and we even know that we can look to the trial record to prove that, because on page 113 of the record, pre-trial, when the trial court is admitting this other act evidence, she stated that she did so pursuant to Donahoe because a hand to the buttocks could be perceived as sexual behavior. In other words, what she said there is that she was admitting this evidence to prove propensity. So, again, even if this court agrees with the state's proposal that intent is always at issue in specific intent cases, it still would have been more prejudicial than probative. And we know that because Mr. Smart's specific intent was not at issue here. If he did commit the alleged conduct, conduct that is inherently sexual in nature, then he necessarily did it for the purposes of sexual gratification. This is not in dispute. This entire case was about whether or not he committed the alleged conduct at all. Admission of the other act at issue was not probative to prove that a sexual act was done for sexual purposes. It only proved propensity. So given that intent was not at issue in this case and this other act evidence was used to prove that Mr. Smart had a propensity to commit the charged offense, it was more prejudicial than probative. And just on this point, Justice Holder-White, I do want to go back to one of the questions that you asked about what the jury instructions would look like in this case. So yes, this was a bench trial. But to be clear, if it was a jury trial and they were instructed regarding this evidence, the jury would have to be instructed that the other act at issue would be used to prove that stimulating a penis to ejaculation was done for sexual purposes and that's why the jury should consider it and not for the idea that Mr. Smart had a propensity to commit the charged offense. This is just not how the law should operate. That clearly is a propensity argument. A jury would not be able to avoid that. And so lastly, I just want to argue that this evidence was not harmless. There was no physical evidence in this case. There were no eyewitnesses. There was no confession. This case was a credibility contest. And in this credibility contest, the other act evidence was mentioned ten times. There were two separate witnesses, a stipulation, and seven references during closing argument. Was there an objection during closing argument to this evidence? No, Your Honor. There was no objection hardly throughout the entire trial from defense counsel, even when the state admitted the other act evidence that was also deemed inadmissible pre-trial. So that evidence came in throughout the entire trial and through closing arguments, and there was no objections from defense counsel. And in fact, below, I also argued that defense counsel was ineffective for a variety of reasons. The appellate court below only chose to make a decision on the other act evidence argument, so they didn't reach the ineffective assistance argument. So in this credibility contest, the improper omission of this other act evidence requires reversal. So this other act has been issued here. Just to recap, it was admitted to prove propensity. It was used to prove propensity, and undoubtedly, the trial court considered Mr. Smart's propensity when assessing his credibility and finding him guilty. The appellate court below properly found that this other act evidence was inadmissible and not harmless to Mr. Smart's case. I am respectfully asking that this court affirm the appellate court below. Thank you, ma'am. Thank you. Counsel, reply. Your Honor, just to respond to a couple of points by my friend. So to be clear, the people here are advocating for a case-by-case consideration of each piece of evidence, applying the rules of evidence entirely to each piece, rather than advocating for a per se sweeping rule, such as defendant here advocates, and that the appellate court fashioned below that when defendant does not contest intent, it is unnecessary to provide evidence that is relevant to intent, that it would be inadmissible to do so. And to clarify, the policy behind propensity evidence, so Rule 404B does prohibit the admission of other crimes, wrongs, or acts when offered to prove the character of a person in order to show action in conformity with that character. In other words, a person who has done a particular act must have a particular character trait about him, and therefore that person is bad and has clearly committed other crimes before. That is a little bit different from the inference that is permissible on intent, as this court demonstrated in Wilson in 2005, when this court did approve the introduction of other acts of evidence. In that case, several victims of the defendant who alleged that he had touched them inappropriately before, that was admissible to prove that if defendant in that case did in fact touch the victims of the charged acts, then he did so for the same intent. So that inference was allowed in Wilson in order to show intent, and in terms of that case, the balancing of the relative probative value and the prejudicial effect was different, as it will be in every case. In that case, because defendant had admitted that perhaps because I'm a touchy-feely person and I sometimes gave my students hugs, I'm not saying I actually touched my student, but if I did, then it was maybe accidental or it was, you know, it was misinterpreted. So the probative value of other acts of evidence showing that in the past, there had been other instances where touching was done with the intent of sexual gratification or arousal, that was admissible to show that in the Wilson case, the defendant likewise acted for the purpose of sexual gratification or arousal. Now, to be sure, a propensity inference in that defendant has acted badly before, he's perhaps committed crimes or is a bad person, that is inherent in the admission as well. But the important thing to remember is the balancing of the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudicial effect. And then on my final point here in this case, we would submit that, first of all, the appellate court applied the wrong standard when it determined that because the evidence was wrongfully admitted, it required reversal. Second of all, the court applied the constitutional harmlessness standard rather than the proper evidentiary harmlessness standard. In 2010, in People v. Adkins, this court stated that the erroneous admission of other crimes evidence calls for reversal only if the evidence was, quote, a material factor in the defendant's conviction such that without the evidence, the verdict likely would have been different, unquote. And this court applied the same standard in People v. Hall in 2000 when it held that the court had wrongfully admitted other acts evidence, but it was still harmless because it, quote, likely did not impact the verdict. And if this court were to determine that the other acts of evidence were wrongfully admitted here, it should likewise hold that your error was harmless and does not require reversal because despite what my friend has said, nothing in the record indicates that the judge who rendered the verdict in this case acted because she was improperly influenced by the other acts of evidence here. When the court was questioning each counsel in closing argument, the court was concerned primarily about the credibility of the witnesses as to the events of the specific night at issue, who was doing what, and the court was concerned with particularly asking defense counsel why the victim would concoct such a story that was so elaborate and so credible that the defendant committed these acts. What motive would there be? And the defense counsel did not have much of an answer beyond perhaps the defendant didn't want to date the victim's sister, which was, as the court discussed in rendering the verdict, what really was at issue was the credibility of the victim versus the credibility of the defendant. And the court believed the victim. The court believed the defendant committed these acts, and there is no indication in the record that the one instance of other acts of evidence unduly influenced that verdict. Moreover, again, this was a bench trial, so the court is presumed to know and follow the law and to not have given the other acts of evidence probative value beyond its limited effect. So for these reasons, the people would respectfully ask that the appellate court's decision be reversed and that this case be remanded to the appellate court to consider the claims of ineffective assistance of counsel that the court did not reach on appeal. Thank you. Thank you very much, counsel. This case, agenda number two, number 130127, State of Illinois v. C.C. Smart, will be taken under advisement. Thank you very much.